UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DOROTHY CORDICE,

        Plaintiff,

        - against -

LIAT AIRLINES,

        Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-cv-2924 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Dorothy Cordice brings this action *pro se* against LIAT Airlines ("LIAT") seeking $10,000 in money damages for personal injuries sustained during a flight from Trinidad and Tobago to St. Vincent. LIAT has filed a motion for summary judgment arguing that it is not subject to the Court's personal jurisdiction. For the reasons that follow, the Court lacks personal jurisdiction over LIAT. Accordingly, LIAT's motion is granted.

## BACKGROUND

Cordice alleges that, on a LIAT flight from Trinidad and Tobago to St. Vincent, a flight attendant knocked over a cup of hot water, spilling it onto her legs. (Compl. (Doc. No. 1) at 2.[1]) Cordice asked the flight attendant for some ice and cold water to cool the area, but the flight attendant instead asked if the seat was wet and offered to dry it. (*Id.*) Once Cordice arrived in St. Vincent, she told a LIAT employee about the incident, but the employee did not offer any assistance. (*Id.* at 3.) Cordice asked for a supervisor and indicated that her seatmate had witnessed the incident, but after an hour of waiting, no one offered her a ride to the emergency

---

[1] ECF pagination is used throughout this opinion when referring to Cordice's complaint.

1

room or provided any other assistance. (*Id.*) When Cordice returned to the United States, her doctor told her that she had sustained second-degree burns. (*Id.*)

On May 7, 2014, Cordice filed a complaint seeking $10,000 in damages. (*Id.* at 1.) On the civil cover sheet accompanying her complaint, Cordice indicated that she was invoking the Court's diversity jurisdiction. (Civil Cover Sheet (Doc No. 1-1) at 4.) In her complaint, Cordice also purported to invoke this Court's jurisdiction "pursuant to 28 U.S.C. § 1331 - 7-759 Article 17," (Compl. at 1), which the Court interprets as an attempt to invoke the Court's federal question jurisdiction based upon Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention").[2] *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, T.I.A.S. No.

---

[2] The Court is mindful of plaintiff's *pro se* status and construes her filings to raise the strongest arguments they suggest. Although plaintiff checked "Diversity" as the basis for jurisdiction on her civil cover sheet, Cordice's complaint does not satisfy the amount in controversy requirement under 28 U.S.C. § 1332, and thus she cannot rely on diversity jurisdiction. However, it appears that Cordice is also attempting to invoke federal question jurisdiction based upon Article 17 of the Montreal Convention. Article 17 holds carriers "liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, Art. 17. Under Title 28, Section 1331 of the United States Code federal district courts have subject matter jurisdiction over questions of federal law.

Cordice's alleged injury took place on a flight from Trinidad and Tobago to St. Vincent. (Compl. at 2.) Trinidad and Tobago is a party to the Warsaw Convention, but not to the Montreal Convention; the United States and St. Vincent and the Grenadines are parties to both. *See* International Civil Aviation Organization, Convention for the Unification of Certain Rules for International Carriage by Air Montreal, 28 May 1999 (listing signatories), *available at* http://www.icao.int/secretariat/legal/list%20of%20parties/mtl99_en.pdf; International Civil Aviation Organization, Contracting Parties to the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw on 12 October 1929 and the Protocol Modifying the Said Convention Signed at The Hague on 28 September 1955 (listing signatories), *available at* http://www.icao.int/secretariat/legal/list%20of%20parties/wc-hp_en.pdf.

Notwithstanding these provisions, the Court need not conduct an exhaustive analysis under either Convention to determine subject matter jurisdiction as plaintiff's claims fail for lack of personal jurisdiction over LIAT as discussed *infra.. See Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 237–38 (D. Mass. 2012) ("Even if plaintiffs establish subject matter jurisdiction under the Montreal Convention, the court still has to address the issue of personal jurisdiction."); *Welch v. American Airlines, Inc.*, 970 F.Supp. 85, 88 (D.P.R. 1997) (holding that the Warsaw Convention confers jurisdiction at a national level and for purposes of venue "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced") (quoting 28 U.S.C § 1391(c)); *Luna v. Compania Panamena De Aviacion, S.A.*, 851 F. Supp. 826, 831 (S.D. Tex. 1994) ("This court's subject matter jurisdiction arises from the Warsaw Convention and possible diversity between the parties. Under either basis, this court looks to the [state] long-arm statute to determine personal jurisdiction.").

13,038 (entered into force on Nov. 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000).

LIAT argues that the Court lacks personal jurisdiction because LIAT is a corporate entity with its principal place of business in Antigua and has no offices or employees "in the State of New York or in any other state in the United States." (LIAT Rule 56.1 Statement (Doc. No. 20-2) at ¶¶ 2, 7, 11.) LIAT indicated that it does maintain bank accounts in Puerto Rico and the United States Virgin Islands. (*Id.* at ¶ 12.) It also operates flights to both of these territories, as well as to fifteen other locations throughout the Caribbean, but it does not operate any flights to or from the continental United States. (*Id.* at ¶ 4 (listing Puerto Rico, St. Croix and St. Thomas among eighteen destinations serviced).)

Cordice responded to LIAT's motion for summary judgment by noting that she purchased her ticket from within the United States, but does not provide a more precise point of purchase.[3] (*See* Aff. in Opp'n (Doc. No. 20-6) at 1.) Cordice also indicates that her flight was "from New York City to other connecting flights." (*Id.*) She does not identify which airline operated her flight from New York City or from whom she purchased her tickets for any leg of her flight.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining whether an issue of material fact exists, the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at

---

[3] Although Cordice does not specify from where she purchased her ticket, the Court assumes, for purposes of this motion, that she was located in New York when she purchased her ticket.

255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.1 (2004).

Because Cordice is proceeding *pro se*, the Court must construe her pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted), and must read them to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995). For the reasons that follow, this Court lacks subject matter jurisdiction over LIAT. As such, plaintiff's claims cannot survive.

## DISCUSSION

### I. Personal Jurisdiction over Defendant

Cordice bears the burden of proving the Court's personal jurisdiction over LIAT. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Where, as here, the Court relies solely on the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* In construing jurisdictional allegations liberally, the court may take as true uncontroverted factual allegations. *Id.* (citing *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 411 (1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir.1993)). However, the Court may not draw "argumentative inferences" in the plaintiff's favor. *Id.* (quoting *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992).

Determining personal jurisdiction over a foreign defendant in a federal-question case typically involves a two-step inquiry. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732

F.3d 161, 168 (2d Cir. 2013). The Court must first look to the law of the forum state, which in this case is New York. *Id.* (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)). If jurisdiction lies in the forum state, the Court must then determine whether its exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution. *See id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Best Van Lines, Inc.*, 490 F.3d at 242.) Fed. R. Civ. P. 4(k)(2) ("Rule 4(k)(2)") provides an alternative means of conferring personal jurisdiction over a foreign defendant who is otherwise beyond the state's long-arm statute or the reach of the federal law under which the claim was brought. *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 807 (S.D.N.Y. 2005). Rule 4(k)(2) confers jurisdiction in cases arising under federal law where (1) "the foreign defendant lacks sufficient contact with any single state to subject it to personal jurisdiction there", and (2) "the defendant has sufficient aggregate contacts with the United States to comport with constitutional notions of due process." *United States v. Int'l Bhd. of Teamsters*, 945 F. Supp. 609, 617 (S.D.N.Y. 1996).

### A.   Personal Jurisdiction Under New York State Law

#### 1.   General Jurisdiction Under CPLR § 301

New York's general jurisdiction statute, New York Civil Practice Law and Rules ("CPLR") § 301, confers general jurisdiction over "corporate defendants who are present in New York 'with a fair measure of permanence and continuity.'" *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 354 (S.D.N.Y. 2014) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 34 (1990)). However, a court's exercise of general jurisdiction over a corporation is consistent with due process under the Constitution only where the corporation's contacts with the forum state are "so 'continuous and systematic,' judged against the

5

corporation's national and global activities, that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761–62 (2014)). Aside from a possible "exceptional case," a corporation is at home only in the state of its formal place of incorporation or principal place of business. *Id.* (citing *Daimler AG*, 134 S. Ct. at 761 n.19).

LIAT is incorporated under the laws of Antigua and Barbuda, with its principal place of business in Antigua. (LIAT Rule 56.1 Statement at ¶ 2.) It does not maintain an office or have employees, bank accounts, or even a phone listing in New York. (*Id.* at ¶¶ 11, 12.) Nor does LIAT operate flights into or out of New York City.

Cordice asserts the following in opposition:

I purchased a ticket round trip with my discover card from New York City to other connecting flights and my designation was St. Vincent. The defendant said that Liat doesn't participate in any business in the United States. If so why was I able to purchase my ticket in the United States? Liat should make the passengers purchase their connecting tickets in the Carribbean not in the USA.

(Aff. in Opp'n at 1.)

However, even assuming these facts as true, they would not render LIAT "presen[t] in New York with fair measure of permanence and continuity," let alone "essentially at home" in the state. The Court therefore lacks general personal jurisdiction under CPLR § 301.

### 2. Specific Jurisdiction Under CPLR § 302

A court that lacks general personal jurisdiction under CPLR § 301 may still exercise specific personal jurisdiction over a foreign defendant under New York's long-arm statute, CPLR § 302, when the cause of action arises out of activity conducted within the state. *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468–69 (S.D.N.Y. 2008) (citing

*United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.1966)). Section 302 applies to causes of action arising from:

> (1) [the] transact[ion of] any business within the state or contract[ing] anywhere to supply goods or services in the state; or
>
> (2) [the] commi[ssion of] a tortious act within the state . . . ; or
>
> (3) [the] commi[ssion of] a tortious act without the state causing injury to person or property within the state . . . , if [the foreign defendant]
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) own[ership], use[] or possess[ion of] any real property situated within the state.

N.Y. CPLR § 302(a).

Cordice does not allege that LIAT committed a tortious act within New York or that her injury arises out of LIAT's ownership, use, or possession of any property within New York. *See* N.Y. CPLR § 302(a)(2), (4). For the reasons that follow, sections 302(a)(1) and (a)(3) are equally unavailing.

### a. N.Y. CPLR § 302(a)(1)

Under § 302(a)(1), a court may exercise personal jurisdiction over a non-domiciliary who "transacts business within the state" or "contracts anywhere to supply goods or services in the state," provided that the claim asserted arises from such a business activity. *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 334 (E.D.N.Y. 2013). A foreign defendant transacts business in a particular forum if it performs an act that "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its

laws." *O'Keefe*, 634 F.Supp.2d at 286 (citing *Best Van Lines*, 490 F.3d at 246). Mere solicitation into the state is normally insufficient. *See Torres*, 2011 WL 2670259, at *6. Additionally, there must be an articulable nexus or substantial relationship between the business transacted and the cause of action. *See Best Van Lines*, 490 F.3d at 246. Thus, this provision is "typically invoked for a cause of action against a defendant who breaches a contract with plaintiff, or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York." *Levans*, 988 F. Supp. 2d at 334 (citing *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983)).

Cordice asserts jurisdiction based upon the location from which she purchased her ticket. However, her cause of action arises not from the sale of the ticket, but from an alleged tort that took place on a flight from Trinidad and Tobago to St. Vincent. The mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket. *See Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321–22 (2d. Cir. 1964) (declining to extend jurisdiction over personal injury tort claim for injury that occurred in Nevada on the basis of bus ticket purchased in New York); *see also Rodriguez v. Circus Circus Casinos, Inc.*, No. 00-CV-6559 (GEL), 2001 WL 21244, at *3 (S.D.N.Y. Jan. 9, 2001) (declining to extend jurisdiction over personal injury tort claim for injury that occurred in Nevada on the basis of reservation made online from New York).

As noted above, although Cordice suggests that she purchased her ticket from New York, she does not state how she purchased her ticket. Even if she did so through LIAT's website while in New York, her injury does not arise out of that transaction, and therefore does not establish the necessary nexus between her the ticket purchase and her cause of action. Cordice has therefore not established a basis for jurisdiction over LIAT under CPLR § 302(a)(1).

### b. N.Y. CPLR § 302(a)(3)

Under § 302(a)(3), the Court may exercise personal jurisdiction over a non-domiciliary for a tort that occurs outside of New York if the tortious act caused injury to a plaintiff within New York, provided that the non-domiciliary regularly does business in the state or should reasonably expect its actions to have consequences in that state. *See Levans*, 988 F. Supp. 2d at 337 (citing *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006)). "To determine if a tort caused injury within New York, courts traditionally employ the situs of injury test, 'which asks them to locate the original event which caused the injury.'" *Levans*, 988 F. Supp. 2d at 337 (E.D.N.Y. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)). For § 302(a)(3) to confer jurisdiction, the situs of the original injury must be New York. *Torres*, 2011 WL 2670259, at *10. "If the injury occurs outside New York and merely becomes manifest in New York, or has its greatest consequences in New York, the statute is not satisfied." *Swindell v. Fla. E. Coast Ry. Co.*, 42 F. Supp. 2d 320, 325 (S.D.N.Y. 1999) (citations omitted). Although Cordice's symptoms persisted after she returned to New York, her original injury did not occur in New York and therefore there is no basis for jurisdiction under § 302(a)(3).

### B.     Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2)

Rule 4(k)(2) was drafted with the intention of filling a gap in the enforcement of federal law in international cases. *See Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008) (citing Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendments). It permits federal jurisdiction over a foreign defendant who has "contacts with the United States sufficient to justify the application of United States law and to satisfy federal standards of forum

selection," but who otherwise has insufficient contact with the state in which the federal court sits to support that court's jurisdiction. *Id.* For Rule 4(k)(2) to apply, "(1) the claim must arise under federal law; (2) the defendant must not be 'subject to jurisdiction in any state's courts of general jurisdiction'; and (3) the exercise of jurisdiction must be 'consistent with the United States Constitution and laws.'" *Id.* at 127 (quoting Rule 4(k)(2)).

For the same reasons discussed above, LIAT's contacts with the state of New York are not enough to support jurisdiction in this Court under Rule 4(k). Cordice's claim could potentially arise under federal law pursuant to Article 17 of the Montreal Convention. (Compl. at 1.)[4] However, even assuming that LIAT is not subject to jurisdiction in any state's court of general jurisdiction,[5] LIAT's contacts with the United States as a whole would not be consistent with the United States Constitution – namely the requirements of due process.

Viewing the facts in the light most favorable to Cordice, that she purchased her ticket from a website while in New York coupled with the fact that her itinerary originated in the United States and connected to a LIAT flight do not support jurisdiction in the United States generally any more than those facts support jurisdiction in the state of New York. Although LIAT has more contact with the United States generally than it does with New York State –

---

[4] As noted above, the Court will not entertain an exhaustive analysis of the Montreal Convention here, see, e.g., *Baah v. Virgin Atl. Airways Ltd.*, 473 F. Supp. 2d 591, 594 (S.D.N.Y. 2007) as, even assuming subject matter jurisdiction under the Convention, plaintiff's claims fail for other reasons.

[5] Although a plaintiff bears the burden of showing that a claim arises under federal law and that the exercise of jurisdiction would be consistent with due process, the Second Circuit has not determined whether a plaintiff bears the burden of proving that the defendant is not subject to jurisdiction in any state's courts of general jurisdiction. *See Aqua Shield, Inc. v. Inter Pool Cover Team*, No. 05-CV-4880 (CBA), 2007 WL 4326793, at *8 (E.D.N.Y. Dec. 7, 2007). However, at least one other court in this Circuit has permitted a plaintiff to make the necessary showing by certifying to the court "that based on the information that is readily available . . . the defendant is not subject to suit in the courts of general jurisdiction of any state," with the burden then shifting to the defendant to show that it is. *See id.*; *see also 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13-CV-981 (PGG), 2015 WL 1514539, at *13 (S.D.N.Y. Mar. 31, 2015) ("Plaintiffs have not certified that Defendants are not subject to jurisdiction in any other state." (quoting *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 731 (S.D.N.Y. 2010)). Cordice has made no such certification. But, because the Court concludes that the exercise of jurisdiction would not be consistent with due process even if Cordice were able to make such a certification, the court declines to grant leave to do so.

specifically through its maintenance of bank accounts in and flights servicing Puerto Rico and the United States Virgin Islands – these contacts represent only three of eighteen total destinations serviced. These contacts are therefore far from being "so continuous and systematic as to render" LIAT "essentially at home" in the United States. *See Daimler*, 134 S.Ct. at 761–63. Nor has Cordice demonstrated, or even asserted, that her injuries arose out of any of LIAT's contacts with Puerto Rico or the United States Virgin Islands such that the exercise of specific jurisdiction within the United States over her claims in this case would be appropriate. Because the exercise of jurisdiction would be inconsistent with due process, Rule 4(k)(2) does not permit this Court to exercise personal jurisdiction over LIAT.

## CONCLUSION

For the reasons set forth herein, the Court lacks personal jurisdiction over LIAT. Accordingly, LIAT's motion for summary judgment is granted and the case is dismissed. The Clerk of Court is directed to enter the accompanying judgment, to mail a copy of this Memorandum and Order and the accompanying judgment to Cordice, to note the mailing on the docket, and to close this case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      September 22, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge